**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| BODUM USA, INC., | : |
| | : |
| Plaintiff, | : |
| | : **07 Civ. 7453** |
| - against - | : |
| | : **ANSWER AND** |
| SERVICE IDEAS, INC., | : **COUNTERCLAIMS** |
| | : |
| Defendant. | : |

_____ :

Defendant Service Ideas, Inc. ("Service Ideas"), for its Answer to the Complaint of

Plaintiff Bodum USA, Inc. ("Bodum"), denies each and every matter, statement and thing

alleged in Bodum's Complaint except as specifically admitted, qualifiedly admitted or

explained herein and further alleges as follows:

1.      Service Ideas admits that Bodum alleges claims for trade dress infringement,

unfair competition, and deceptive acts against Service Ideas, but denies the merits of those

claims.

2.      Service Ideas has insufficient knowledge to form a belief as to the truth of

the allegations in Paragraph 2 and on that basis, denies the same.

3.      Service Ideas has insufficient knowledge to form a belief as to the truth of

the allegations in Paragraph 3 and on that basis, denies the same.

4.      Service Ideas admits the allegations in Paragraph 4.

5.      Service Ideas admits the allegations in Paragraph 5.

6.      Service Ideas denies the allegations in Paragraph 6.

7.      Service Ideas denies the allegations in Paragraph 7.

8.      Service Ideas denies the allegations in Paragraph 8.

9.      Service Ideas has insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 9 and on that basis, denies the same.

10.      Service Ideas denies the allegations in Paragraph 10.

11.      Service Ideas denies the allegations in Paragraph 11.

12.      Service Ideas denies the allegations in Paragraph 12.

13.      Service Ideas denies the allegations in Paragraph 13.

14.      Service Ideas denies the allegations in Paragraph 14.

15.      Service Ideas denies the allegations in Paragraph 15.

16.      Service Ideas denies the allegations in Paragraph 16.

17.      Service Ideas denies the allegations in Paragraph 17.

18.      Service Ideas denies the allegations in Paragraph 18.

19.      Service Ideas denies the allegations in Paragraph 19.

20.      In response to Paragraph 20, Service Ideas hereby incorporates its response to the previous paragraphs of the Complaint.  Service Ideas admits that Bodum alleges claims under 15 U.S.C. § 1125(a), but denies the merits of those claims.

21.      Service Ideas denies the allegations in Paragraph 21.

22.      Service Ideas denies the allegations in Paragraph 22.

23.      Service Ideas denies the allegations in Paragraph 23.

24.      Service Ideas denies the allegations in Paragraph 24.

25.      In response to Paragraph 25, Service Ideas hereby incorporates its response to the previous paragraphs of the Complaint.  Service Ideas admits that Bodum alleges claims of unfair competition, but denies the merits of those claims.

26.      Service Ideas denies the allegations in Paragraph 26.

27.     Service Ideas denies the allegations in Paragraph 27.

28.     Service Ideas denies the allegations in Paragraph 28.

29.     In response to Paragraph 29, Service Ideas hereby incorporates its response to the previous paragraphs of the Complaint.  Service Ideas admits that Bodum alleges violations of N.Y. Gen. Bus. § 349 et seq., but denies the merits of those claims.

30.     Service Ideas denies the allegations in Paragraph 30.

31.     Service Ideas denies the allegations in Paragraph 31.

32.     Service Ideas denies the allegations in Paragraph 32.

33.     Service Ideas denies the allegations in Paragraph 33.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.     Bodum's Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.     Bodum's claims are barred by laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.     Bodum's claims are barred by waiver and estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.     Bodum's claims are barred because Bodum seeks to protect the ordinary product shape of a coffee press, which appearance is not proprietary and cannot serve any identifying function.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.      Bodum's claims are barred because Bodum's alleged trade dress is generic.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      Bodum's claims are barred because Bodum's alleged trade dress is functional.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      Bodum's claims are barred because Bodum's alleged trade dress is not distinctive and lacks secondary meaning.

## AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

8.      Bodum's claims are barred because, on information and belief, Service Ideas and others are senior users of Bodum's alleged trade dress.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Bodum's claims are barred because there is no likelihood of confusion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.      Bodum's claims are barred because Bodum has failed to allege fraud with particularity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11.      Bodum's claims are barred due to Bodum's failure to add an indispensable party.

WHEREFORE, Defendant Service Ideas requests that Bodum's Complaint be dismissed with prejudice and that Service Ideas be awarded its reasonable costs and attorney's fees plus such other relief as the Court deems fair and appropriate.

## COUNTERCLAIMS

1.      Service Ideas is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 2354 Ventura Drive, Woodbury, Minnesota 55125.

2.      On information and belief, Bodum is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 413-415 West 14th Street, New York, New York 10014.

3.      This Court has subject matter jurisdiction over Service Ideas's counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

4.      This Court has personal jurisdiction over Bodum because, *inter alia*, Bodum filed suit in this District.

5.      Venue over Service Ideas' claim is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

6.      An actual controversy exists between Service Ideas and Bodum by the filing of Bodum's Complaint alleging, *inter alia*, infringement of Bodum's alleged trade dress.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Genericness)

7.      Service Ideas hereby incorporates Paragraphs 1-6 of its Counterclaim as though fully set forth herein.

8.     Bodum's alleged trade dress for a coffee press is an ordinary product shape that has been in public use and sold by numerous other companies since at least the 1930's.

9.     No entity has any rights in the design of the Bodum coffee press.

10.     To resolve this controversy, this Court should rule that Bodum's alleged trade dress is generic.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Functionality)**

11.     Service Ideas hereby incorporates Paragraphs 1-10 of its Counterclaim as though fully set forth herein.

12.     The alleged features of Bodum's coffee press configuration are incapable of serving as a source indicator because those features serve utilitarian purposes that are essential to the use of coffee presses.

13.     To resolve this controversy, this Court should rule that Bodum's alleged trade dress is functional.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Junior Use)**

14.     Service Ideas hereby incorporates Paragraphs 1-13 of its Counterclaim as though fully set forth herein.

15.     Many companies have manufactured and sold coffee presses in a configuration similar or identical to that which is claimed by Bodum to be proprietary.   On information and belief, Service Ideas and other manufacturers and retailers of coffee presses have continuously used such a configuration since before Bodum began to market its own coffee press.

16.    To resolve this controversy, this Court should rule that Bodum is a junior user of the coffee press configuration at issue in this lawsuit and that Bodum's alleged trade dress cannot be enforced.

**PRAYER FOR RELIEF**

WHEREFORE, Service Ideas prays for entry of judgment against Bodum as follows:

1.    Dismissing with prejudice and on the merits Bodum's Complaint;

2.    Declaring that Bodum's alleged trade dress is generic;

3.    Declaring that Bodum's alleged trade dress is functional;

4.    Declaring that Bodum's alleged trade dress rights are unenforceable;

5.    Awarding Service Ideas its costs and attorneys fees as provided by law; and

6.    For such other and further relief as this Court may deem just and proper.

Dated: October 11, 2007
      Long Island City, New York

KING & KING, LLP
Attorneys for Defendant Service Ideas, Inc.

By: /s/_____
    Peter M. Kutil, Esq. (PK2562)

27-12  37th Ave.
Long Island City, N.Y. 11101
(718)896-6554

*Of Counsel*
Richard A. Kempf
Stephanie M. Kwong
Moore & Hansen, PLLP
225 South Sixth Street
Suite 4850
Minneapolis, MN  55402
612-332-8200

TO:

Marie A. Tieri, Esq
VEDDER, PRICE, KAUFMAN &
KAMMHOLZ, P.C.
1633 Broadway, 47th Floor
New York, N.Y. 10019

And

David E. Bennett, Esq.
VEDDER, PRICE, KAUFMAN &
KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003

## AFFIRMATION OF SERVICE

Peter M. Kutil, affirms that he is the attorney for the defendant Service Ideas, Inc. and that on October 11, 2007 has served a true copy of the within answer to the complaint by U.S. Mail first class postage prepaid by depositing same in an official U.S. Mail mailbox in the State of New York with delivery addressed to:

To:

Marie A. Tieri, Esq
VEDDER, PRICE, KAUFMAN &
KAMMHOLZ, P.C.
1633 Broadway, 47th Floor
New York, N.Y. 10019

and

David E. Bennett, Esq.
VEDDER, PRICE, KAUFMAN &
KAMMHOLZ, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003

/s/ _____
Peter M. Kutil, Esq.

Dated:  October 11, 2007
        Long Island City, N.Y.